IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA


MICHAEL GUYNES, Personal Representative,   )
of the Estate of ROSE KAY GUYNES,      )
                                       )
     Plaintiff,                    )
                                       )
       v.                     )   No. CIV-06-447-JHP
                                       )
BOARD OF COUNTY COMMISSIONERS     )
OF OKMULGEE COUNTY, OKLAHOMA,     )
                                       )
     Defendant.                  )


## ORDER

Now before the Court is Defendant's Motion for Summary Judgment (Dkt.# 40). In the instant case, the plaintiff, Rose K. Guynes[1], was employed by the county as a secretary on February 28, 2005. She broke her hip in November and underwent surgery to repair the injury. When she returned to work, she required the assistance of a wheelchair and walker and her activities were restricted by her physician. The defendant, the Board of County Commissioners of Okmulgee County, Oklahoma ("the County"), fired her approximately one month later, on January 13, 2006, citing "poor work performance." The plaintiff was diagnosed with brain cancer on February 20, 2006, which eventually led to her untimely death at age fifty-six.

In her complaint, the plaintiff alleged several causes of action including violation of the Americans With Disabilities Act, 42 U.S.C. §§12101-12300 ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-624 ("ADEA"), the Oklahoma Standards for Workplace Drug and Alcohol Testing Act, Okla. Stat. tit.40, §§ 551-565 ("DATA"), the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§1101-1901 ("OADA"), and the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161-1168 ("COBRA"). Initially, after Defendant moved

---

1. Michael Guynes, was substituted as the party plaintiff following the death of his wife, Rose Kay Guynes. For purposes of this Order the Court will refer to the plaintiff as Rose Kay Guynes

for summary judgment, Plaintiff confessed all counts except the claims under the ADA, ADEA and DATA.

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).* An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir. 1988).* In regard to the necessary burdens, however, the Supreme Court has instructed that:

> in cases like the instant one, where the nonmoving
> party will bear the burden of proof at trial on a
> dispositive issue, a summary judgment motion may
> properly be made in reliance solely on the
> "pleadings, depositions, answers to interrogatories,
> and admissions on file. Such a motion, whether
> or not accompanied by affidavits, will be "made
> and supported as provided in this rule,"and Rule
> 56(e) therefore requires the nonmoving party to go
> beyond the pleadings and by their own affidavits,
> or by the"depositions, answer to interrogatories,
> and admissions on file," designate "specific facts
> showing that there is a genuine issue for trial."

*Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).* Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).* In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex*, 477 U.S. at 323-24.

Plaintiff has asserted a claim under the ADA claiming the Board terminated her due to a

disability or a perceived disability.  Plaintiff may prove her discrimination claim by submission of either direct or circumstantial evidence.  *Jones v. UPS, Inc., 502 F.3d 1176 (10th Cir. 2007)*. Plaintiff does not rely on any direct evidence of discrimination and, therefore, the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)*, and its progeny governs the analysis of her claims.  *Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 n.3 (10th Cir. 1997)(applying McDonnell Douglas to an ADA claim).*  In the summary judgment context, a plaintiff must establish that a question of fact exists as to each element of the prima facie case. *Id.*  If a plaintiff can establish a prima facie case, the burden shifts to the defendant "to offer a legitimate nondiscriminatory reason for its employment decision." *Id.*  If the defendant comes forward with such a reason, the burden then reverts to the plaintiff to show that the employer's proffered reason for the challenged action is pretextual - i.e., unworthy of belief. *Id.*

In order to establish a prima facie case of disability discrimination under the ADA, a plaintiff must demonstrate that (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) her employer terminated her employment under circumstances that give rise to an inference that the termination was based on her disability. *Id.*  The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. §12101(2).

In the instant case Plaintiff contends she was disabled under the regarded as provision set forth in subsection (C) of § 12101(2).  Plaintiff must prove that she was regarded as disabled by establishing that Defendant acted on one of two mistaken beliefs: (1) that she had an impairment that substantially limited a major life activity, when in fact she did not have such an impairment at all; or (2) that she had an impairment but Defendant was mistaken in an assumption that it substantially limited a major life activity.  *Jones v. U.P.S., Inc., 502 F.2d at 1190.  See also Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999)(To establish disability under the regarded as provision, "it is necessary that a covered entity entertain misperceptions about the individual – it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.").*

The sole basis for Plaintiff's contention that Defendant regarded her as disabled, as

contemplated by §12101(2)©, is her employer's testimony that he terminated her employment due to her slurred speech and poor work performance. It is uncontroverted that her employer terminated her employment, at least in part, due to the fact that she was slurring her speech on the telephone and radio to the point that citizens, customers, and county employees were unable to understand her. (See, Plaintiff's Response to Defendant's Uncontroverted Facts No. 21). The Court in *Jones* and in *Sutton* are clear that an employer's decision that an individual cannot perform a particular job is not affirmative evidence that the employer also perceived that the employee was substantially limited in a major life activity.

With regard to the second element of a prima facie case, requiring an employee to show that she was qualified to perform the essential functions of her job, Plaintiff inexplicably states that this element does not apply in a case in which a plaintiff is relying on the regarded as provision to prove disability. However, establishing the first element, that Plaintiff was disabled within the meaning of the ADA, by way of the regarded as provision, does not make the remaining elements of the prima facie case disappear.

It is undisputed that Plaintiff made numerous errors on documentation, including time sheets submitted to the Executive Assistant to the Board, and documentation related to the rock quarry. (See, Plaintiff's Response to Defendant's Uncontroverted Facts No. 4). Moreover, Defendant contends it is imperative that the District 1 secretary be able to handle the radio and telephone, as the secretary speaks directly with the citizens and vendors, and is also the first person contacted if a road crew member is injured or in a similar emergency. (See, Plaintiff's Response to Defendant's Uncontroverted Facts No. 2). It is undisputed that Plaintiff suffered noticeable problems with slurring of speech and that it interfered with her ability to perform the fundamental duties of this position as people were unable to understand her over the telephone and/or radio. (See, Plaintiff's Response to Defendant's Uncontroverted Facts No. 18, 19). Plaintiff has not suggested any accommodation that would have provided a means for her to perform these responsibilities.

In addition, Plaintiff's application for disability benefits, and Plaintiff's failure to offer an explanation as to why such application does not bar an ADA claim, also supports a finding that Plaintiff cannot meet the second element of her claim. The Supreme Court has held that where an employee makes a "sworn assertion in an application for disability benefits that she is ... unable to work," she negates the essential element of qualification in her ADA claim. *Cleveland v. Policy*

*Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). In order to defeat summary judgment in cases in which such applications are presented, the plaintiff must offer the court an explanation as to the inconsistency created between a SSDI application in which a claimant asserts that she cannot work, and an ADA claim in which she inherently must show that she can. *Id.*

In Plaintiff's application for disability benefits, she stated that she was unable to work beginning in November 2005. (See, Plaintiff's Response to Defendant's Uncontroverted Facts No. 38). Plaintiff's ADA claim requires her to show that she was unable to perform the essential functions of her job at the time of her termination in January 2006. Under the holding of the Supreme Court, Plaintiff's failure to offer an explanation as to the inconsitency between Plaintiff's application and Plaintiff's ADA claim, negates the second element of her ADA claim. *Cleveland*, *526 U.S. at 806.*

Finally, assuming Plaintiff could meet the first two elements of her prima facie case, she must also demonstrate that her termination was based on her disability. *Morgan, 108 F.3d at 1323.* Defendant sets forth its legitimate, non-discriminatory reasons for terminating Plaintiff's employment. The Defendant contends that even if Plaintiff disagrees with the decision to terminate her, as long as the Defendant honestly believed his asserted reasons and acted in good faith, there was no violation of rights. *Riggs v. Airtran Airways, Inc., 497 F.3d 1108, 1119 (10th Cir. 2007).* "Even a mistaken belief can be a legitimate, non-pretextual reason for an employment decision." *Id.* Plaintiff has failed to offer any evidence to suggest that Defendant's proffered reasons for terminating Plaintiff's employment were pretextual. Accordingly, Defendant is entitled to summary judgment on this claim.

Plaintiff also asserts a claim under the ADEA. The Tenth Circuit uses the three-stage analysis outlined in *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973), and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981),* to prove discrimination when no direct evidence of age discrimination exists. *Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1547 (10th Cir. 1988).* "At the first stage, the plaintiff must prove a prima facie case of discrimination. She must show that (1) she is within the protected age group; (2) she was doing satisfactory work; (3) she was discharged; and (4) her position was filled by a younger person." *Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1420 (10th Cir. 1991)(quoting Lucas v. Dover Corp., 857 F.2d 1397, 1400 (10th Cir. 1988).*

If the plaintiff satisfies the prima facie requirements under the ADEA, then the case enters the next stage. In this second stage, the burden of production moves to the defendant. The defendant has to present a legitimate nondiscriminatory reason for its action, then the burden of persuasion moves back to the plaintiff. In this third stage of the discrimination analysis, the plaintiff must show that age was a determinative factor in the defendant's employment decision, or show that the defendant's explanation for its action was merely pretext. *See Faulkner v. Super Valu Stores, Inc., 3 F.3d 1419, 1424-25 (10th Cir. 1993).* Failure to come forward with evidence of pretext will entitle the defendant to judgment. *See Burdine, 450 U.S. at 256; Denison, 941 F.2d at 1421 (evidence of pretext "is crucial in an ADEA case.").*

Assuming Plaintiff has established a prima facie case, Plaintiff still cannot meet her burden of discrediting the employer's legitimate reason for terminating her. The employer's burden is simply to demonstrate a legitimate, nondiscriminatory reason for its actions. *Id. at 260.* The defendant having done so, the plaintiff must present enough evidence to support an inference that the employer's reason was merely pretext, by showing either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Id. at 256; MacDonald v. Eastern Wyoming Mental Health Ctr., 941 F.2d 1115, 1121-22 (10th Cir. 1991).* Plaintiff has failed to meet her burden.

Plaintiff has not created a genuine issue concerning the sincerity of the proffered reasons for her termination. Although summary judgment is not ordinarily appropriate for settling issues of intent or motivation, *Setliff v. Memorial Hosp. Of Sheridan County, 850 F.2d 1384, 1393, n. 12 (10th Cir. 1988); Romero v. Union Pac. R.R., 615 F.2d 1303, 1309 (10th Cir. 1980)*, all of Plaintiff's evidence together is insufficient to raise doubts about the defendant's motivation. To defeat a summary judgment motion, she would simply have to point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence. *MacDonald, 941 F.2d at 1121-22.* Even though all doubts must be resolved in Plaintiff's favor, allegations alone will not defeat summary judgment. *Celotex, 477 U.S. at 324.*

Plaintiff has not raised an inference that Defendant's articulated explanation for her termination was pretextual or that age discrimination was a determinative factor in her termination. Plaintiff cannot establish that her termination was motivated by age. It is uncontroverted that Plaintiff was over fifty-five years of age at the time she was hired, as well as at the time of her

termination. "When the same person hires and fires an employee within a relatively short period of time, it raises an inference that discrimination is not a motivating factor." *Burney v. County Comm'rs of the County of Shawnee, Kansas*, 413 F.Supp.2d 1195, 1200 (D.Kan. 2006). "This common actor inference arises in age discrimination cases because it is highly doubtful that a person who hires an employee in the protected age group would fire the same employee as a result of a sudden "aversion to older people." *Id*., citing *Lowe v. JB. Hunt Trans., Inc.*, 963 F.2d 173, 175 (8th Cir. 1992); see also *Herr v. Airborne Freight Corp.*, 130 F.3d 359, 363 (8th Cir. 1997)(*unlikely that same supervisor would hire member of protected class only to discharge that employee within relatively short time*).

Further, Plaintiff has no evidence to establish that she was doing her work satisfactorily. Instead, the evidence is uncontroverted that Plaintiff was making mistakes on purchase orders, invoices, weekly reports, time records, and other paperwork. It is uncontroverted that Plaintiff was slurring on the phone and radio, which in turn prevented her from properly operating the radio and properly communicating with citizens and others on the telephone. The evidence establishes that the problems with Plaintiff had been ongoing, and as a result, after her return to work, her supervisor requested, to no avail, that she correct the errors. As such, Plaintiff cannot establish the second prong of the ADEA analysis.

Even if Plaintiff could establish a prima facie case of age discrimination, her ADEA claim nevertheless fails. The Defendant has asserted a non-discriminatory basis for Plaintiff's termination, her poor job performance and the slurring of her speech. Plaintiff's belief she was terminated due to her age is insufficient. Thus, summary judgment Defendant is granted as to the ADEA cause of action.

Finally, Plaintiff claims Defendant violated the DATA by requiring her to submit to a drug screening in December 2005. However, after review of the Act, the Board's policy and the circumstances surrounding Plaintiff's drug screening, the Court finds the DATA was not violated. The Board has a formal, written Drug and Alcohol Testing Policy which requires that the employer give a copy of its policy to each employee. This is consistent with Okla. Stat. tit. 40, §55( c ) , and plaintiff does not dispute that she received a copy.

Further, pursuant to Okla. Stat. tit. 554(4), the Board's Drug and Alcohol Policy provides that an employer may request or require an employee to undergo drug and alcohol testing on a

random selection basis if the employee: (a) is a police or peace officer, (b) has drug interdiction responsibilities, ( c ) is authorized to carry firearms, (d) is engaged in activities which directly affect the safety of others, or (e) works in direct contact with inmates in the custody of the Department of Corrections or in direct contact with children in the custody of the Department of Human Services.

Plaintiff was selected for drug screening in December 2005 as a result of the random drug testing program. Plaintiff had not even returned to work on December 6, 2005, when the Board received notification that she had been selected for random screening. Thus, there was no opportunity for an official to formulate any suspicion as to Plaintiff's use or nonuse of drugs or alcohol. Further, Plaintiff was properly subject to the random drug testing policy because her position as District 1 Secretary directly affected the safety of others. She was the first person contacted by the road crew members in a case of emergency, whether it was a personal injury or similar occurrence. Additionally, Further, Plaintiff worked in direct contact with inmates, as contemplated by §554(4). Therefore, the Court finds Plaintiff's random drug screening was consistent with the DATA.

Accordingly, Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED** this 6th day of February, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma